JAMES C. NIELSEN (111889)
 *jnielsen@nielsenhaley.com*
THOMAS H. NIENOW (136454)
 *tnienow@nielsenhaley.com*
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for Defendant
UNITED NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, an Ohio Corporation<br><br>Plaintiff,<br><br>v.<br><br>UNITED NATIONAL INSURANCE COMPANY and DOES 1 through 15.<br><br>Defendants. | Action No.: C08-03981CW<br><br>ANSWER OF DEFENDANT UNITED NATIONAL INSURANCE COMPANY.<br><br>DEMAND FOR JURY TRIAL. |

## ANSWER TO COMPLAINT

Defendant United National Insurance Company, in answer to the complaint filed by plaintiff Scottsdale Insurance Company, admits, denies, and alleges as follows:

1.  Responding to the allegations in paragraph 1 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 1 of the complaint.

2.  Responding to the allegations in paragraph 2 of the complaint, United National admits and alleges that it is a Pennsylvania corporation and that it is authorized

1

ANSWER OF DEFENDANT UNITED NATIONAL INSURANCE COMPANY; DEMAND FOR JURY TRIAL.

to and sells insurance policies on a surplus-lines basis in the State of California. Except as so admitted, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 2 of the complaint.

3.  Responding to the allegations in paragraph 3 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 3 of the complaint.

4.  Paragraph 4 of the complaint does not require a response.

5.  Responding to the allegations in paragraph 5 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 3 of the complaint.

6.  Responding to the allegations in paragraph 6 of the complaint, United National admits and alleges that a lawsuit styled *Williams v. Miller* was filed in Sonoma County Superior Court, Action No. SCV239280 (the "*Williams* action"), the documents and files of which speak for themselves. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 6 of the complaint..

7.  Responding to the allegations contained in paragraph 7 of the complaint, United National lacks sufficient knowledge, information or belief to respond and on that basis denies each, every, and all of the allegations contained in paragraph 7 of the complaint.

8.  Responding to the allegations in paragraph 8 of the complaint, United National alleges and admits that it issued to named insured Benshante Place, Hazel Home & Thrush Wing Home, a policy of liability insurance effective from January 13, 2006, to January 13, 2007, with policy number CGA045476 (the "United National policy"), and that the United National policy sets forth various terms, conditions, exclusions, and dollar limits of liability, all of which speak for themselves. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on

that basis denies each, every, and all of the allegations contained in paragraph 8 of the complaint.

9. Responding to the allegations in paragraph 9 of the complaint, United National admits and alleges that attorney Joseph Fenech sent a letter dated February 12, 2008, to Diane Cruz of United National, that Ms. Cruz sent a letter dated April 19, 2008, to Mr. Fenech, that Mr. Fenech sent a letter dated June 19, 2008, to Ms. Cruz, and that attorney Hillary Agnost sent a letter dated July 8, 2008, to Mr. Fenech, all of which speak for themselves. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 9 of the complaint.

10. Responding to the allegations in paragraph 10 of the complaint, United National admits and alleges that it declined to defend Scottsdale's named insured, Scott Lissberger, in connection with the *Williams* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 10 of the complaint.

11. Responding to the allegations in paragraph 11 of the complaint, United National admits and alleges that it declined to defend Scottsdale's named insured, Scott Lissberger, in connection with the *Williams* action. Except as so admitted and alleged, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 11 of the complaint.

12. Paragraph 12 of the complaint does not require a response.

13. Responding to the allegations in paragraph 13 of the complaint, United National admits and alleges that Scottsdale makes the contentions set forth in paragraph 13, and United National admits and alleges that it contends it had and has no duty to defend or indemnify Scottsdale's named insured, Scott Lissberger, in connection with the *Williams* action. Except as so admitted and alleged, United National lacks sufficient

knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 13 of the complaint.

14. Paragraph 14 of the complaint does not require a response.

15. Paragraph 15 of the complaint does not require a response.

16. Responding to the allegations in paragraph 16 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 16 of the complaint.

17. Responding to the allegations in paragraph 17 of the complaint, United National denies each, every, and all of the allegations contained in paragraph 17 of the complaint.

18. Paragraph 18 of the complaint does not require a response.

19. Responding to the allegations in paragraph 19 of the complaint, United National admits and alleges that it has not waived and is not estopped from asserting any defense to Scottsdale's claims in this action, and that United National so contends in this action. United National denies the allegation that it "failed to respond, or responded late, to the tender of the underlying action." Except as admitted, alleged, or denied, United National lacks sufficient knowledge, information or belief to respond to and on that basis denies each, every, and all of the allegations contained in paragraph 19 of the complaint.

20. Paragraph 20 of the complaint does not require a response.

United National further alleges the following affirmative defenses:

1. As and for a first, separate defense, United National alleges that the complaint and each claim therein do not state facts sufficient to constitute a claim against United National.

2. As and for a second, separate defense, United National alleges that the plaintiff lacks standing to bring this action.

3. As and for a third, separate defense, United National alleges that the complaint and each cause of action in it are barred by the terms, provisions, conditions,

4

ANSWER OF DEFENDANT UNITED NATIONAL INSURANCE COMPANY; DEMAND FOR JURY TRIAL.

limitations, and exclusions of the alleged Scottsdale and United National policies. Said terms, provisions, conditions, limitations, and exclusions do not constitute new matter and, therefore, not affirmative defenses, and are pleaded only to clarify this point. United National reserves the right to amend its answer to the Complaint to assert any additional defenses arising from the terms of the alleged Scottsdale and United National insurance policies, and/or applicable insurance policy terms, provisions, conditions, limitations, and exclusions as may become apparent during the continuing course of discovery in this action.

Wherefore United National prays for judgment as follows:

1. That the Court deny plaintiff's prayers for judicial declarations set forth in the complaint;

2. That plaintiff take nothing by its complaint;

3. That United National be awarded its costs of suit incurred herein;

4. That United National be awarded its attorneys fees;

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

NIELSEN, HALEY & ABBOTT LLP

Dated: August 27, 2008    By: /s/ Thomas H. Nienow
Thomas H. Nienow
Attorneys for Defendant
UNITED NATIONAL INSURANCE COMPANY

## DEMAND FOR JURY TRIAL

Defendant United National Insurance Company demands trial by jury in this action.

Respectfully submitted,

NIELSEN, HALEY & ABBOTT LLP

Dated: August 27, 2008        By: _____
Thomas H. Nienow
Attorneys for Defendant
UNITED NATIONAL INSURANCE COMPANY

6

ANSWER OF DEFENDANT UNITED NATIONAL INSURANCE COMPANY; DEMAND FOR JURY TRIAL.

*Scottsdale Insurance Company v. United National Ins. Co.*
United State District Court, Northern District Court No.: C08-03981 CW

# PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco. I am over the age of eighteen years, and not a party to the within cause. My business address is 44 Montgomery Street, Suite 750, San Francisco, California 94104. On the date set forth below I served the following document(s) described as:

ANSWER OF DEFENDANT UNITED NATIONAL INSURANCE COMPANY

[ ]   (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date.

[ ]   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ]   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]   (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

[X]   **(BY ELECTRONIC SERVICE)** by submitting an electronic version of the document(s) to be served on all parties listed on the service list on file with the court as of this date.

**Attorney for Plaintiff, Scottsdale Insurance Co., an Ohio Corp.**
Joseph M. Fenech
Low, Ball & Lynch
505 Montgomery Street, 7th Floor
San Francisco, CA 94111
Tel: (415) 891-6630

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 27, 2008, at San Francisco, California.

*Fatima Puente*
Fatima Puente

PROOF OF SERVICE