IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTTSDALE INSURANCE COMPANY, an Ohio Corporation,

    Plaintiff,

  v.

UNITED NATIONAL INSURANCE COMPANY,

    Defendant.

No. C 08-3981 CW

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY ADJUDICATION

    This case involves a dispute over whether Defendant United National Insurance Company is required, under the terms of an insurance policy it issued, to defend Scott Lissberger in an action in state court. Lissberger holds an insurance policy with Plaintiff Scottsdale Insurance Company. United moves for summary judgment, arguing that it has no duty to defend Lissberger. Scottsdale cross-moves for summary adjudication on the issue of whether United is required to defend Lissberger.[1] The matter was heard on April 30, 2009. Having considered oral argument and all

---

[1] Scottsdale's complaint seeks both the costs of Lissberger's defense as well as indemnification against any liability imposed on Lissberger as a result of the state court action. Because the state court action has not yet been resolved, the Court cannot adjudicate the indemnification claim at the present time.

of the papers submitted by the parties, the Court denies United's motion and grants Scottsdale's cross-motion.[2]

## BACKGROUND

United issued a policy to Debbie and Robert Miller providing liability insurance for their operation of Hazel Home, a residential care facility in Windsor, California. Hazel Home operates in a building owned by Scott Lissberger. As required by the lease between Lissberger and the Millers, an endorsement to the policy identifies Lissberger as an additional insured. It provides:

> WHO IS AN INSURED is amended to include the person or organization shown in the Schedule below, but only as respects liability imposed or sought to be imposed on such additional insured because of an alleged act or omission of the Named Insured.
>
> 1. If liability for injury or damage is imposed or sought to be imposed on the additional insured because of:
>
>    a. Its own acts or omissions, this insurance does not apply;
>
>    b. Its acts or omissions and those of the Named Insured, as to defense of the additional insured, this insurance will act as coinsurance with any other insurance available to the additional insured, in proportion to the limits of liability of all involved policies, and the Other Insurance provisions of this policy are amended accordingly. However, this insurance does not apply to indemnity of the additional insured for its own acts or omissions.
>
> 2. If an agreement between the Named Insured and the additional insured providing indemnity or contribution in favor of the additional insured exists or is alleged to exist, the extent and scope

---

[2] The parties are reminded that General Order 45, which concerns the Electronic Case Filing system, provides, "Documents which the filer has in an electronic format must be converted to PDF from the word processing original, not scanned, to permit text searches and to facilitate transmission and retrieval."

2

>            of coverage under this insurance for the additional
>            insured will be no greater than the extent and scope
>            of indemnification of the additional insured which
>            was agreed to by the named insured.
>     3.     The naming of an additional insured will not
>            increase our limit of liability.

Blinn Dec. Ex. 6 at 1.

The Millers hired Scott Miller Construction to convert a room in Hazel Home into a business office. The conversion required the construction of an interior stairway. One of the Millers' employees, Shawndell Williams, alleges that she injured herself when she tripped and fell while walking down the stairway. Williams sued the Millers, Lissberger and Scott Miller Construction in state court for negligence and premises liability. She also asserted a claim against the Millers for unfair competition.[3] Williams' first amended complaint contains no specific factual allegations against Lissberger other than the allegation that he owns the premises on which Williams was injured. The negligence claim states:

> Plaintiff is informed, believes, and on that basis
> alleges that each defendant failed to use reasonable care
> to prevent harm to her by, among other things, failing to
> take action to provide a safe working environment;
> failing to exercise reasonable care for her safety;
> failing to maintain the floor coverings in a reasonably
> safe condition; and failing to provide reasonably
> adequate hand railings in the stairway.

Def.'s Req. for Judicial Notice Ex. 2 ¶ 20. The claim for premises liability contains similar language. The complaint also states, "Plaintiff is informed, and believes, and on that basis alleges, that at all times mentioned in this complaint, defendants were the

---

[3] The Court takes judicial notice of the documents from the state court action.

3

1  agents and employees of their codefendants, and in doing the things
2  alleged in this complaint were acting within the course and scope
3  of such agency and employment." Id. ¶ 10.
4      In response to interrogatories in the state court action,
5  Williams asserted that all of the defendants had "violated the
6  California Building Standards Codes related to building
7  construction, specifically those related to staircase construction,
8  various provisions of the California Department of Social Services
9  regulations related to operating residential care facilities and
10 various regulations and codes applicable to the Department of
11 Housing and Community Development."  Blinn Dec. Ex. 14 at 22-23.
12 In response to another interrogatory, Williams described the basis
13 of her claims against Lissberger as follows:

> Plaintiff was injured on a staircase located at 475
> Windsor River Road, Windsor, CA 95492, a premises owned
> by Scott Lissberger.  That staircase was constructed
> during Debbie and Robert Miller's tenancy at that
> premises.  Pursuant to the Lease agreement between Scott
> Lissberger and Debbie and Robert Miller ("Millers"),
> Scott Lissberger's consent for any construction and/or
> alteration of the premises was required.  Scott
> Lissberger failed to exercise reasonable care in the
> inspection, maintenance and/or oversight during and/or
> after the construction of the staircase on his premises
> to make certain the conditions were reasonably safe such
> that the staircase was constructed and maintained in a
> manner that did not create a hazard for its users.
> Furthermore, Scott Lissberger was negligent in the care,
> skill, and in the use and/or maintenance of the premises
> such that it was not kept in a reasonably safe condition.

23 Id. Ex. 15 at 3.
24      In January, 2007, Lissberger's counsel sent a letter to the
25 Millers' counsel purporting to follow up on an earlier letter sent
26 in October, 2006 that had tendered Lissberger's defense to the
27 Millers.  The October, 2006 letter has not been filed with the
28 Court.  Although the January, 2007 letter did not state the basis

4

1  for the tender of Lissberger's defense, an attached proposed cross-
2  complaint against the Millers in the state court action was
3  attached to it.  The cross-complaint noted that the lease between
4  Lissberger and the Millers required the Millers "to list SCOTT
5  LISSBERGER as an additional insured, and to further defend and
6  indemnify SCOTT LISSBERGER."  Id. Ex. 7 ¶ 5.  It asserted a claim
7  for equitable indemnification against the Millers on the basis that
8  Williams' injuries were proximately caused by the Millers'
9  negligence.  It also asserted a claim for contractual
10 indemnification based on the terms of the lease.  The Millers
11 apparently did not respond to Lissberger's tender.  Lissberger
12 subsequently filed his cross-complaint in the state court action,
13 and United is defending the Millers against Lissberger's
14 indemnification claims.
15      In June, 2007, Scott Miller Construction filled a cross-
16 complaint in the state court action asserting claims against the
17 Millers and Lissberger for "comparable indemnity and contribution,"
18 alleging that all three of these individuals failed to maintain the
19 staircase in good working condition.  The cross-complaint does not
20 contain any specific allegations concerning Lissberger.
21      Lissberger holds an insurance policy with Scottsdale, and
22 Scottsdale is defending him in the state court action.  In
23 February, 2008, Scottsdale's counsel wrote to United and tendered
24 the defense of Lissberger against both Williams' claims and Scott
25 Miller Construction's cross-claims.  The basis of the tender was
26 both the Millers' policy with United, which lists Lissberger as an
27 additional insured, and the lease between Lissberger and the
28 Millers.

5

In April, 2008, United sent Scottsdale's counsel a written response to Scottsdale's tender. United stated that it had concluded it owed no obligation to Lissberger because the policy covers only "liability imposed or sought to be imposed on [Lissberger] because of an alleged act or omission of" the Millers and, in United's view, neither Williams nor Scott Miller Construction sought to impose liability on Lissberger for the acts or omissions of the Millers. Rather, United stated, Williams and Scott Miller Construction charged Lissberger with liability for his own independent negligence in failing to correct the allegedly unsafe condition on the premises.

Scottsdale filed the present action in state court, asserting a claim for equitable indemnification or contribution. United subsequently removed the case to federal court.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if it is supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought.

6

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of production by either of two methods:

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1106 (9th Cir. 2000).

If the moving party discharges its burden by showing an absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan, 929

F.2d at 1409.

If the moving party discharges its burden by negating an essential element of the non-moving party's claim or defense, it must produce affirmative evidence of such negation. Nissan, 210 F.3d at 1105. If the moving party produces such evidence, the burden then shifts to the non-moving party to produce specific evidence to show that a dispute of material fact exists. Id.

If the moving party does not meet its initial burden of production by either method, the non-moving party is under no obligation to offer any evidence in support of its opposition. Id. This is true even though the non-moving party bears the ultimate burden of persuasion at trial. Id. at 1107.

Where the moving party bears the burden of proof on an issue at trial, it must, in order to discharge its burden of showing that no genuine issue of material fact remains, make a prima facie showing in support of its position on that issue. UA Local 343 v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir. 1994). That is, the moving party must present evidence that, if uncontroverted at trial, would entitle it to prevail on that issue. Id. Once it has done so, the non-moving party must set forth specific facts controverting the moving party's prima facie case. UA Local 343, 48 F.3d at 1471. The non-moving party's "burden of contradicting [the moving party's] evidence is not negligible." Id. This standard does not change merely because resolution of the relevant issue is "highly fact specific." Id.

## DISCUSSION

The parties agree that the Millers' policy includes a duty to defend Lissberger against claims that fall within the policy

8

endorsement's coverage. They also agree that the duty to defend is broader than the duty to indemnify, and extends to all suits that "<u>potentially</u> seek damages within the coverage of the policy." <u>Gray v. Zurich Ins. Co.</u>, 65 Cal. 2d 263, 275 (1966) (emphasis in original). As the California Supreme Court has held, "Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." <u>Montrose Chem. Corp. v. Superior Court</u>, 6 Cal. 4th 287, 300 (1993).

> To prevail, the insured must prove the existence of a <u>potential for coverage</u>, while the insurer must establish <u>the absence of any such potential</u>. In other words, the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot. Facts merely tending to show that the claim is not covered, or may not be covered, but are insufficient to eliminate the possibility that resultant damages (or the nature of the action) will fall within the scope of coverage, therefore add no weight to the scales.

<u>Id.</u> (emphasis in original). The resolution of this motion thus turns on whether, in the state court action, Williams and Scott Miller Construction potentially seek to impose liability on Lissberger "because of an alleged act or omission" of the Millers.

United argues that the policy does not impose a duty to defend Lissberger in the state court action because he is being charged with liability for his own omissions, not "because of" an act or omission of the Millers. United maintains that the policy requires it to defend against only the attempted imposition of vicarious liability -- in other words, liability based simply on the fact that Lissberger's tenants were negligent and that he owns the property in question. United argues that Williams and Scott Miller Construction do not seek, and cannot possibly seek, to impose liability of this type "because, as a matter of law, a landlord

9

such as Lissberger <u>cannot</u> be found vicariously liable for the wrongdoing of a tenant." Def.'s Mot. at 10 (emphasis in original). United is correct that, under California law, vicarious liability -- which "means that the act or omission of one person is imputed by <u>operation of law</u> to another, without regard to fault" -- cannot be imposed on a landlord for the acts of his or her tenants. <u>Chee v. Amanda Goldt Prop. Mgmt.</u>, 143 Cal. App. 4th 1360, 1375 (2006) (emphasis in original; internal quotation marks and omission omitted).

> [W]here a landlord has relinquished control of property to a tenant, a "bright line" rule has developed to moderate the landlord's duty of care owed to a third party injured on the property as compared with the tenant who enjoys possession and control. Because a landlord has relinquished possessory interest in the land, his or her duty of care to third parties injured on the land is attenuated as compared with the tenant who enjoys possession and control. Thus, before liability may be thrust on a landlord for a third party's injury due to a dangerous condition on the land, the plaintiff must show that the landlord had actual knowledge of the dangerous condition in question, plus the right and ability to cure the condition. Limiting a landlord's obligations releases it from needing to engage in potentially intrusive oversight of the property, thus permitting the tenant to enjoy its tenancy unmolested.

<u>Salinas v. Martin</u>, 166 Cal. App. 4th 404, 412 (2008) (internal quotation marks omitted).[4]

It is not clear that the use of the words "because of" in the policy endorsement limits United's defense and indemnity obligations to cases where vicarious liability is imposed or sought to be imposed on Lissberger. United has pointed to no California case involving interpretation of identical language. The closest

---

[4]The "doctrine of nondelegable duty" discussed in <u>Srithong v. Total Investment Co.</u>, 23 Cal. App. 4th 721 (1994), and <u>Chee v. Amanda Goldt Property Management</u>, 143 Cal. App. 4th 1360 (2006), does not apply to the claims asserted in the state court action.

10

case is <u>National Union Fire Insurance Co. v. Nationwide Insurance Co.</u>, 69 Cal. App. 4th 709 (1999).  There, the court considered a policy that named a contractor as an "additional insured," but only to the extent the contractor was "held liable for" the acts or omissions of the policyholder.  The court interpreted the phrase "held liable for" as connoting vicarious liability.  However, imposing liability on someone "because of" the act or omission of another is not necessarily equivalent to holding that person "liable for" the act.  Nonetheless, the Court will assume, for the purposes of this motion only and without deciding the matter, that the policy at issue here imposes a duty to indemnify Lissberger only if he is found vicariously liable for the Millers' acts.  As explained below, even operating under this assumption, United is still required to defend Lissberger in the state court action.

It is true that Williams' state court claims against Lissberger -- and, by extension, Scott Miller Construction's cross-claim for equitable indemnity or contribution -- purport to base liability on Lissberger's own negligence.  However, it is clear that Lissberger is not alleged to have taken any affirmative act himself to create the unsafe condition.  His liability is premised on his failure to take corrective action to ameliorate the unsafe condition created by the Millers, who had control of the premises.  But although Williams alleges in conclusory terms that Lissberger violated an independent duty of care to her, there are no specific allegations concerning Lissberger's knowledge of the dangerous condition or his failure to correct it despite having the ability to do so, which are prerequisites to his liability as a landlord.  By defending against the action, Lissberger presumably denies

11

having any such knowledge or failing to exercise due care with respect to the condition and, from his perspective, Williams is in fact attempting to impose vicarious liability on him. In light of the conclusory nature of the allegation that Lissberger violated a duty of care to Williams and the unresolved underlying factual issues in the state court action, the Court cannot conclude that there is <u>no possibility</u> that Williams is, as a factual matter, seeking to impose vicarious liability on Lissberger, regardless of how the complaint is plead as a formal matter. The potential for coverage therefore exists. The same is true with respect to Scott Miller Construction's claim, which arises from the same nexus of facts as Williams' claims.

Moreover, accepting United's argument would mean that the policy endorsement would likely <u>never</u> impose a duty to defend Lissberger. Presumably, United would acknowledge a duty to defend only against a claim that <u>explicitly</u> states that it is based on a theory of vicarious liability -- a claim that United admits is not viable under California law. It is unlikely that any plaintiff would ever make such an explicit statement because, on its face, the claim would be subject to dismissal. It is much more likely that any claim against Lissberger would be styled as a claim based on his own independent negligence, as are the claims against him in the state court action here. To absolve United of any responsibility for defending against such a claim would render the policy endorsement worthless.[5]

---

[5]Aside from the issue of United's duty to defend, United's interpretation of the policy would also render the guarantee of
(continued...)

12

CONCLUSION

For the foregoing reasons, the Court concludes that Williams and Scott Miller Construction assert claims against Lissberger that potentially fall within the scope of the policy endorsement. Accordingly, United must defend Lissberger against these claims. United's motion (Docket No. 16) is therefore DENIED and Scottsdale's cross-motion (Docket No. 26) is GRANTED.[6]  This case will be administratively closed pending resolution of the state court action.  If, following such resolution, the parties cannot come to an agreement on Scottsdale's claim for indemnification, Scottsdale may move to re-open the case.

IT IS SO ORDERED.

Dated: 6/4/09

CLAUDIA WILKEN
United States District Judge

---

[5](...continued) indemnity illusory; under its view, United would be required to indemnify only against liability that, as a matter of law, can never be imposed.  This is a persuasive argument that the policy's "because of" language does not limit coverage to instances of vicarious liability.

[6]United's evidentiary objections are overruled as moot; the Court did not consider the evidence to which the objections were directed.

13